IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN GILBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-CV-119 |
| | § | |
| FAIRWAYS OFFSHORE | § | |
| EXPLORATION, INC., PETREL | § | |
| MARINE, LLC, and SES PETREL, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT FAIRWAYS OFFSHORE EXPLORATION, INC.'S MOTION TO TRANSFER VENUE

Plaintiff John Gilbert ("Plaintiff") brings this action against Defendants Fairways Offshore Exploration, Inc. ("Fairways"), Petrel Marine, LLC, and the SES PETREL for personal injuries he allegedly endured while he was employed by Defendant Petrel Marine, LLC. Fairways filed a Motion to Transfer Venue to the Southern District of Texas, Houston Division, and Plaintiff filed a timely Response thereto. For the reasons stated below, Fairways's Motion is respectfully **DENIED**.[1]

**I. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight." *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Id.* The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet*, 868 F.2d at 1436. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See id*.

## II. Analysis

Plaintiff alleges that Fairways does a substantial amount of business in this District and has its principal place of business in this District. Fairways does not disagree. Instead, Fairways claims that the case should be transferred to the Houston Division because that is where it "factually does business." Def.'s Mot. 2. This is Fairways's sole argument. While Fairways's convenience is taken into consideration in the venue analysis, it, standing alone, does not satisfy Fairways's burden of showing that the case should be transferred.

Furthermore, Plaintiff provides the Court with arguments that indicate that the case should not be transferred. Plaintiff contends that the accident that caused Plaintiff's injury occurred offshore of Galveston, so Galveston citizens are more interested in this case than Houston citizens would be. Additionally, Plaintiff points out that his choice of forum is entitled to great deference. These two factors far outweigh Fairways's argument that it is more convenient for it to attend trial in Houston.

### III. Conclusion

For the reasons stated above, Fairways's Motion to Transfer Venue is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 13th day of June, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge